LEMON v CITY OF LANSING

Docket No. 153163. Submitted December 6, 1994, at Lansing. Decided
February 7, 1995, at 9:10 A.M.

Merl F. Lemon was injured during the course of his employment
by the City of Lansing and received worker's compensation
benefits based on his average weekly wage. He began receiving
an employer-sponsored disability pension and the city coordi-
nated the pension payments with the worker's compensation
payments and reduced the worker's compensation payment.
Lemon filed a petition for a hearing, alleging improper coordi-
nation of his disability benefits. A magistrate found that the
city had reduced Lemon's weekly compensation payment on a
dollar-for-dollar basis and that § 292.25 of the City of Lansing's
administration code did not mandate a dollar-for-dollar offset.
The city appealed and the Worker's Compensation Appellate
Commission affirmed with modification. The WCAC found that,
because no section of the city's pension plan precluded coordi-
nation, MCL 418.354(1)(d); MSA 17.237(354)(1)(d) applied. The
WCAC agreed that the city's dollar-for-dollar offset was not
appropriate, but held that the city could coordinate the after-
tax amount of the disability pension as provided in MCL
418.354(1)(d); MSA 17.237(354)(1)(d). Lemon appealed by leave
granted.

The Court of Appeals *held:*

1. The WCAC erred in finding that the city's pension plan did
not contain a provision precluding coordination. Section 292.25
of the city's administration code clearly provides for a reduc-
tion in the disability retirement benefit so that the combination
of the worker's compensation benefit and the disability benefit
does not exceed the employee's final rate of compensation. The
inclusion of § 292.25 in the administration code indicates that
the city intended that payments under the plan not be coordi-
nated pursuant to MCL 418.354; MSA 17.237(354).

2. The magistrate correctly interpreted § 292.25 and found
that Lemon was entitled to receive both types of benefits to the
extent that the total payment did not exceed Lemon's final rate
of compensation. The decision of the WCAC is reversed and the
magistrate's decision is reinstated.

Reversed.

*Rapaport, Pollok, Farrell & Waldron, P.C.* (by *Mark S. Farrell*), for the plaintiff.

*Alvan P. Knot,* City Attorney, and *Billie J. O'Berry,* Assistant City Attorney, for the defendant.

Before: McDONALD, P.J., and FITZGERALD and W. J. GIOVAN,* JJ.

PER CURIAM. Plaintiff Merl Lemon appeals by leave granted a decision entered on May 8, 1992, by the Worker's Compensation Appellate Commission affirming with modification the decision of a magistrate and allowing coordination of benefits. We reverse.

This case presents an issue of first impression involving interpretation of MCL 418.354; MSA 17.237(354) and § 292.25 of defendant City of Lansing's administration code. On January 4, 1984, plaintiff was injured during the course of his employment by defendant. Plaintiff received worker's compensation benefits in the amount of $229.92 a week. His benefit was based on his average weekly wage of $369.06.

On August 21, 1987, plaintiff began receiving an employer-sponsored disability pension in the amount of $314.01 a month. Defendant coordinated the pension payments with plaintiff's worker's compensation payments and reduced plaintiff's compensation payment to $162.64 a week.

Plaintiff filed a petition for a hearing, alleging that defendant failed to properly coordinate his disability benefits. Plaintiff died in March 1989; nevertheless, the case proceeded and was submitted on stipulated facts.

In a decision mailed on January 8, 1991, the

* Circuit judge, sitting on the Court of Appeals by assignment.

magistrate found that defendant reduced plaintiff's weekly compensation payment on a dollar-for-dollar basis. The magistrate noted that subsection 354(1)(d) permits the coordination of

> [t]he after-tax amount of the pension or retirement payments received or being received pursuant to a plan or program established or maintained by the same employer from whom benefits under section 351, 361, or 835 are received, if the employee did not contribute directly to the pension or retirement plan or program. Subsequent increases in a pension or retirement program shall not affect the coordination of these benefits.

Pursuant to subsection 354(14), defendant had the option to not coordinate benefits:

> This section does not apply to any payments received or to be received under a disability pension plan provided by the same employer which plan is in existence on March 31, 1982. Any disability pension plan entered into or renewed after March 31, 1982 may provide that the payments under that disability pension plan provided by the employer shall not be coordinated pursuant to this section.

The magistrate found that § 292.25 of defendant's administration code applied in this case. That section reads in pertinent part:

> During the workers' compensation period, the member's disability retirement allowance shall not exceed the difference between the member's final compensation and workers' compensation converted to an annual basis.

The magistrate concluded that this section authorized a method of paying worker's compensation benefits and disability pension benefits concur-

rently, without coordination, as authorized by subsection 354(14). Section 292.25 of the administration code provided that during a period in which worker's compensation benefits were paid, the employee's disability retirement benefits could not exceed the difference between the employee's final compensation and his worker's compensation. Section 292.25 also provided that the disability retirement benefit and the worker's compensation benefit would offset each other so that the employee did not draw benefits in excess of his normal rate of pay. The magistrate concluded that § 292.25 did not mandate a dollar-for-dollar offset.

Defendant appealed, and in a decision entered on May 8, 1992, the WCAC affirmed with modification. The WCAC agreed with the magistrate's conclusion that defendant's dollar-for-dollar offset was not appropriate, but emphasized that the magistrate's decision did not negate defendant's right to coordinate benefits. The WCAC found that, because no section of defendant's pension plan precluded coordination, subsection 354(1)(d) applied. The WCAC concluded that defendant could not coordinate benefits on a dollar-for-dollar basis, but could coordinate the after-tax amount of the disability pension as provided in subsection 354(1)(d).

On appeal, plaintiff argues that the WCAC erred in applying subsection 354(1)(d) in this case. Plaintiff contends that defendant's pension plan clearly allows for a method of payment that does not require the type of coordination provided in subsection 354(1)(d). Section 292.25 of defendant's administration code provides for payment of the full worker's compensation benefit with a reduction of the disability retirement benefit to prevent receipt of a combined benefit in excess of the employee's final rate of pay. Plaintiff reasons that because worker's compensation benefits are always less

than the normal rate of pay, reducing that payment by the amount of a pension benefit pursuant to subsection 354(1)(d) would further lower the benefit level.

We conclude that plaintiff's position has merit and reverse the WCAC's decision. The WCAC erred in finding that defendant's pension plan did not contain a provision precluding coordination. Section 292.25 of defendant's administration code does not refer specifically to subsection 354(1)(d); however, defendant's code section clearly provides for a reduction in the disability retirement benefit so that the combination of the worker's compensation benefit and the disability benefit does not exceed the employee's final compensation. The inclusion of § 292.25 in defendant's code indicates that defendant intended that payments under the plan not be coordinated pursuant to § 354. To find to the contrary, as did the WCAC, is to render § 292.25 superfluous.

The magistrate correctly interpreted § 292.25 and found that plaintiff was entitled to receive both types of benefits to the extent that the total payment did not exceed his final rate of compensation. We reverse the WCAC's decision and reinstate the magistrate's decision.